UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMON ZAROUR,<br><br>                                 Plaintiff,<br>                -against-<br><br>U.S. BANK, N.A., as legal title trustee for the<br>Truman 2016 SC6 Title Trust; JOHN DOE<br>1,2,3,4,5,6,<br><br>                                 Defendants. | 21-CV-2928 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se,* brings this new civil action, challenging a 2020 decision of the Bankruptcy Court for the Southern District of New York. He names as Defendants U.S. Bank, N.A., a creditor in the bankruptcy proceeding, and John Does. Plaintiff paid the filing fee to initiate this action.[1] For the reasons set forth below, the Court grants Plaintiff 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), that it fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

---

[1] Plaintiff paid the filing fee after then-Chief Judge Colleen McMahon directed Plaintiff to either pay the fee or submit an application to proceed *in forma pauperis*. (*See* ECF 2.)

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who is a resident of Rockland County, New York, brings this civil action asserting claims under several federal bankruptcy statutes. He alleges that the events giving rise to his claims occurred in 2020 at the United States Bankruptcy Court for the Southern District of New York (Bankruptcy Court). He names as a defendant U.S. Bank, which he identifies as the "legal trustee for the Truman 2016 SC6 Title Trust" (ECF 1, at 5); U.S. Bank is also a creditor in Plaintiff's bankruptcy proceeding. *See In re Zarour*, No. 18-22380 (Bankr. S.D.N.Y. Feb. 25, 2021).

Plaintiff alleges the following, verbatim:

[D]efendant fraudulently claims that two lots (20 & 21 are one lot; 22 & 23 are another lot) were part of a mortgage when in fact only lots 22 & 23 were mortgaged. Defendant is and has been attempting to unlawfully obtain a judgment against lots 20 & 21. . . . [Defendant] engaged in fraudulent conduct by: (1) filing a state action on debtor's lots 20 & 21 that are not part of the mortgage in issue during a bankruptcy stay in violation of federal bankruptcy law (11 U.S.C. § 362); (2) filing a proof of claim by attaching its judgment against lots 22 & 23 only and simultaneously claiming in state court that the debtor's lots 20 & 21 were part of the mortgage; and (3) filing a motion to lift the bankruptcy stay using its judgment against lots 22 & 23.

(ECF 1, at 5.) Plaintiff claims that his "injury is the loss of lots 20 & 21 and the financial damages caused." (*Id.* at 6.) Plaintiff seeks an order from this Court "void[ing] any judgment obtained against lots 20 & 21"; he also seeks money damages, including "actual damages under 11 USC § 362(k)." (*Id.*)

According to public records, on March 12, 2018, Plaintiff filed in the Bankruptcy Court, an individual bankruptcy petition. *In re Zarour*, No. 18-22380 (Bankr. S.D.N.Y. Feb. 25, 2021). Plaintiff filed the petition as a Chapter 13 petition, but his attorney, who appeared after the initial

filing, moved to convert the petition to a Chapter 11 petition, and the Bankruptcy Court granted

the motion. *Id.* (Doc. 14, 18). Defendant U.S. Bank, a creditor in the bankruptcy proceeding,

moved to dismiss the petition, and on February 25, 2021, the Bankruptcy Court granted the

motion. *Id.* (Doc. 164). In its order granting the motion, the Bankruptcy Court noted that the

Court exercised jurisdiction over the matter under 28 U.S.C. §§ 157(a)-(b) and 1334(b), and that

the proceeding was "a core proceeding" under 28 U.S.C. § 157(b)(2). *Id.*

Eleven days later, Plaintiff's lawyer filed a notice of appeal on Plaintiff's behalf. *Id.*

(Doc. No. 166).

## DISCUSSION

### A.    Claims arising out of Bankruptcy Court

District courts have original jurisdiction over bankruptcy cases and related proceedings.

*See* 28 U.S.C. §§ 1334(a), (b). "But '[e]ach district court may provide that any or all' bankruptcy

cases and related proceedings 'shall be referred to the bankruptcy judges for the district.'"

*Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015) (alternation in the original)

(quoting 28 U.S.C. § 157(a)). Those proceedings, however, must be "core proceedings." 28

U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all

core proceedings arising under title 11, or arising in a case under title 11, referred under

subsection (a) of this section, and may enter appropriate orders and judgments, subject to review

under section 158 of this title."); *see Stern v. Marshall*, 564 U.S. 462 (2011) (holding that

bankruptcy courts have jurisdiction only over "core proceedings" specifically enumerated by

statute).

In this District, "any or all cases under title 11 and any or all proceedings arising under

title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for

this district." In the Matter of: Standing Order of Reference Re: Title 11, Amended Standing

Order of Reference, M10-468, ECF 1:12-MC-00032, 1 (S.D.N.Y. May 26, 2010). Moreover, in this District,

> [i]f a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court. The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

*Id.*

To the extent Plaintiff seeks to challenge any decision issued by the Bankruptcy Court, the Court dismisses such claims. The Bankruptcy Court exercised jurisdiction over Plaintiff's Chapter 11 proceeding, granted Defendant U.S. Bank's motion to dismiss, and notified Plaintiff of the option of filing a notice of appeal, which Plaintiff did. Put simply, the proper vehicle for Plaintiff to challenge the Bankruptcy Court's decision to dismiss the petition is Plaintiff's appeal of that decision, not this new civil action.

### B.    Claims arising out of the state court action

Plaintiff alleges that Defendant (1) filed a state court action regarding two of his lots and (2) "fraudulently claimed that two lots (20 & 21 are one lot; 22 & 23 are another lot) were part of a mortgage when in fact only lots 22 & 23 were mortgaged." (ECF 1, at 5.) He further alleges that "Defendant is and has been attempting to unlawfully obtain a judgment against lots 20 & 21 . . .  [and] claiming in state court that the debtor's lots 20 & 21 were part of the mortgage," when they were not. (*Id.*)

The complaint fails to assert a claim over which the Court may exercise jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28

U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a

"federal question" is presented or when plaintiff and defendant are citizens of different states and

the amount in controversy exceeds the sum or value of $75,000.

The complaint does not suggest that the Court may exercise jurisdiction under either

statute. First, the facts alleged do not suggest that Defendant violated any federal law with

respect to Plaintiff's mortgage. Second, while Plaintiff and Defendant appear to be of diverse

citizenship – Plaintiff resides in New York and based on Defendant's address listed in Plaintiff's

adversary proceeding, *see Zarour v. U.S. Bank Nat'l Assoc. as Legal Title for Truman 2016 SC6

Title Trust*, No. 21-07006 (Bankr. S.D.N.Y. Feb. 8, 2021), Defendant is located in Delaware –

Plaintiff does not allege that the amount in controversy exceeds $75,000. But even if Plaintiff

could state facts showing that his claims satisfy the diversity statute's requirements, he fails to

allege that he is entitled to any relief from Defendant. *See* Fed. R. Civ. P. 8(a) (Rule 8 of the

Federal Rules of Civil Procedure requires a complaint to make a short and plain statement

showing that the pleader is entitled to relief.). The complaint only suggests that Plaintiff and

Defendant disagree over the status of two of his lots, an issue being litigated in state court. But

the complaint does not set forth the nature of a *separate* claim that Plaintiff is asserting against

Defendant. Rather, he requests that this Court intervene in the pending state court matter,

something that the Court is likely barred from doing under *Younger v. Harris*, 401 U.S. 37

(1971).[2]

---

[2] In *Younger*, the United States Supreme Court held that a federal court may not enjoin a
pending state criminal proceeding in the absence of special circumstances suggesting bad faith,
harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*,
378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)).
*Younger* abstention is appropriate in only three categories of state court proceedings: (1) state
criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions";
and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments

Because it is unclear whether Plaintiff may state a claim of which the Court can exercise jurisdiction and upon which he is entitled to relief, the Court grants Plaintiff leave to file an amended complaint to state facts in support of any such claim against Defendant.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts sufficient to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide facts about his claims against Defendant. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

---

of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-2928 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has consented to receive electronic service. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

 Dated:    August 9, 2021
              New York, New York

                                          /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                           State                  Zip Code

_____

Telephone Number                       Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City        State        Zip Code

Defendant 2:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City        State        Zip Code

Defendant 3:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City        State        Zip Code

Defendant 4:
_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.