UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMON ZAROUR,<br><br>                      Plaintiff,<br>       -against-<br><br>U.S. BANK, N.A., as legal title trustee for the<br>Truman 2016 SC6 Title Trust; JOHN DOE<br>1,2,3,4,5,6,<br><br>                    Defendants. | 21-CV-2928 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated August 9, 2021, the Court granted Plaintiff, who is appearing *pro se*, leave to file an amended complaint. Plaintiff has filed an amended complaint, and the Court has reviewed it. For the reasons set forth in this order, the Court refers the action to the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

## DISCUSSION

Plaintiff filed this civil action challenging orders issued in the Bankruptcy Court where he had named as a defendant one of his creditors, U.S. Bank. *See In re Zarour*, No. 18-22380 (Bankr. S.D.N.Y. Feb. 25, 2021). In the bankruptcy proceeding, the Bankruptcy Court had (1) exercised jurisdiction over the matter under 28 U.S.C. §§ 157(a)-(b) and 1334(b), (2) noted that the proceeding was "a core proceeding" under 28 U.S.C. § 157(b)(2), and (3) dismissed the petition. *Id.* (ECF 164, at 1). Plaintiff appealed the dismissal but then moved to withdraw the appeal, stating that he wished to file an adversary complaint in the district court. *In re: Simon Zarour*, ECF 7:21-CV-6967, 21 (S.D.N.Y. Dec. 10, 2021). Judge Vincent L. Briccetti of this court, who was assigned to the bankruptcy appeal, granted Plaintiff's request, without offering an opinion as to whether Plaintiff could file any such pleading or proceed in this court. ECF 7:21-CV-6967, 25.

In this Court's August 9, 2021 order, the Court dismissed all of Plaintiff's claims seeking to challenge the decisions issued by the Bankruptcy Court, noting that the proper vehicle for a challenge to a Bankruptcy Court decision is an appeal of that decision to this court. The Court also granted Plaintiff leave to state facts showing that the Court had diversity jurisdiction of a state law claim, separate from the claims being litigated in Plaintiff's ongoing state court matter.

In the amended complaint, Plaintiff realleges the same set of facts, challenges decisions issued in Bankruptcy Court, and claims that "[t]he [B]ankruptcy [C]ourt relied upon [fraudulent] documents in granting a motion to stay . . . which ultimately led to the unlawful sale of plaintiff Zarour's property." (ECF 8, at 1.) He states that he brings this action, seeking this Court's "adjudicat[ion] [of] Defendant's and its Attorneys' fraud on the Bankruptcy Court, which defendant followed by filing the State action (violating federal bankruptcy law)." (*Id.* at 2.) Plaintiff contends that "[g]iven the issues of federal law and the federal statutes that U.S. Bank and its attorneys violated via the misconduct set forth in this complaint, the Southern District of New York has jurisdiction to rule upon this matter and award financial damages sought." (*Id.*)

Plaintiff claims that "this action involves entirely separate issues from what have been raised in the State Court," asserting that the action is brought under 11 U.S.C. § 506, the federal statute that governs the status of creditors in bankruptcy proceedings, as well as Federal Rule of Bankruptcy Procedure 3004. Plaintiff's state-court proceedings concern a foreclosure on Plaintiff's mortgage, filed on September 17, 2015, in the Superior Court of New Jersey, Bergen County, Chancery Division, as well as an action to establish title to Plaintiff's real property, located in New Jersey, and filed by Defendant on July 6, 2020. (ECF 8-3, 8-12.) These proceedings concern whether two of Plaintiff's four lots were or "were not part of [Plaintiff's] mortgage . . . ." (ECF 1, at 2.)

2

Based on Plaintiff's amended pleading and its exhibits, it is clear that he seeks to challenge decisions rendered in Bankruptcy Court. It is also clear that Plaintiff does not bring any state law claims separate from his ongoing proceedings. The amended complaint does suggest, however, that Plaintiff may be seeking reconsideration of the Bankruptcy Court's decision to deny his petition, as well as damages for alleged violations of the automatic stay in place prior to his petition being dismissed. Because Plaintiff may be able to seek such relief in Bankruptcy Court, the Court concludes that the amended complaint should be referred to the Bankruptcy Court under the general order of reference, as it is at minimally related to Plaintiff's bankruptcy proceeding and concerns orders issued in that proceeding.

## CONCLUSION

The Clerk of Court is respectfully directed pursuant to this Court's standing order of reference and 28 U.S.C. section 157(a) to refer this action to the United States Bankruptcy Court for the Southern District of New York and close this action on the records of this Court. *See* In the Matter of: Standing Order of Reference Re: Title 11, Amended Standing Order of Reference, M10-468, ECF 1:12-MC-00032, 1 (S.D.N.Y. May 26, 2010).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to receive electronic service. (ECF 3.)

SO ORDERED.

Dated:    January 10, 2022
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

3